IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIM. CASE NO. 1:23-cr-31-ECM |
| | ) |
| STEVE ALLEN GRUBBS, JR. | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Defendant Steve Allen Grubbs, Jr.'s unopposed motion to specially set trial, or in the alternative, to continue trial (doc. 38) filed on January 5, 2024. Jury selection and trial are presently set on the term of court commencing on January 22, 2024. The Court addressed the Defendant's motion at a status conference held on January 9, 2024. For the reasons stated at the status conference and set forth below, the Court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the Court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the

best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the Court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(i), (iv).

Counsel for the Defendant represents to the Court that a continuance is needed because counsel has an irreconcilable conflict with the present trial date. For the reasons discussed during the status conference, it would not be possible to specially set this case during the January 22 trial term given defense counsel's and the United States' respective trial schedules. The United States does not oppose a continuance. After careful consideration, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendant in a speedy trial. Thus, for good cause, it is

ORDERED that the Defendant's motion (doc. 38) is GRANTED to the extent that jury selection and trial are CONTINUED from January 22, 2024, to the criminal term of court set to commence on **April 8, 2024**, at **10:00 a.m.** in **Dothan**, Alabama. All deadlines tied to the trial date are adjusted accordingly.

The United States Magistrate Judge shall conduct a pretrial conference prior to the April trial term.

Done this 9th day of January, 2024.

                                                /s/ Emily C. Marks  
                                      EMILY C. MARKS  
                                      CHIEF UNITED STATES DISTRICT JUDGE