IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 1:23-cr-31-ECM |
| | ) | [WO] |
| STEVE ALLEN GRUBBS, JR., | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court are Defendant Steve Allen Grubb, Jr.'s motion to dismiss the superseding indictment (doc. 58) and oral motion to continue trial date. The Court held a status conference in this case on March 27, 2024, in which the pending motions were discussed.

Because the motion to dismiss (doc. 58) was filed after the deadline set by the Magistrate Judge (*see* doc. 17 at 2), the Court construes the Defendant's motion as also containing a motion for leave to file the motion to dismiss out of time. The Government did not object to the request for leave. Accordingly, the Court in its discretion finds that the motion for leave to file the motion to dismiss out of time is due to be granted.

For the reasons stated on the record at the March 27, 2024 status conference, the Court finds that the Defendant's motion to dismiss (doc. 58) is due to be denied because the arguments are foreclosed by current binding Eleventh Circuit precedent. *See United States v. Dubois*, -- F.4th ----, 2024 WL 927030, at *5 (11th Cir. Mar. 5, 2024).

Moreover, for the reasons stated at the status conference and set forth below, the Court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the Court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the Court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(i), (iv).

Counsel for the Defendant represents to the Court that a continuance is needed because a superseding indictment was recently filed, counsel needs additional time for discovery, and also because the parties need additional time to engage in plea negotiations. The United States does not oppose a continuance. After careful consideration, and for the reasons stated at the status conference, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendant in a speedy trial.

Accordingly, and for the reasons stated at the March 27, 2024 status conference, and for good cause, it is

ORDERED as follows:

1. The Defendant's motion for leave to a motion to dismiss out of time is GRANTED;

2. The Defendant's motion to dismiss (doc. 58) is DENIED;

3. The Defendant's oral motion to continue trial is GRANTED, and jury selection and trial are CONTINUED from April 8, 2024, to the criminal term of court set to commence on **July 15, 2024**, at **10:00 a.m.** in **Dothan**, Alabama. All deadlines tied to the trial date are adjusted accordingly.

The United States Magistrate Judge shall conduct a pretrial conference prior to the July trial term.

Done this 27th day of March, 2024.

                                                  /s/ Emily C. Marks
                                          EMILY C. MARKS
                                          CHIEF UNITED STATES DISTRICT JUDGE